IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DONALD MCIVOR,

    Petitioner

v.

WARDEN FRANK STRADA, ET AL.,

    Respondents

CIVIL NO. 3:CV-12-353

(Judge Conaboy)

FILED
SCRANTON

NOV 08 2013

PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

    Donald McIvor filed this <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while previously confined at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania (LSCI-Allenwood).[1] Named as Respondents are LSCI-Allenwood Warden William Scism and the Bureau of Prisons' Designation and Computation Center, Grand Prairie, Texas. Service of the petition was previously ordered.

    McIvor states that he was arrested by state and federal officials on February 3, 1982. His petition indicates that he was subsequently convicted of kidnaping and sentenced to a term of life imprisonment with parole eligibility in the United States District Court for the District of Minnesota. <u>See</u> Doc. 1, p. 1. Petitioner acknowledges that his "sentence is not in

---

    [1] Petitioner is presently confined at the Federal Correctional Institution, Greenville, Illinois. <u>See</u> Doc. 15.

1

dispute" and there is no challenge to the legality of his criminal conviction.[2] Id.

According to his petition, McIvor has been in federal custody since February 10, 1982 and because he is an "old law" inmate his federal life sentence "statutorily is 30 years to satisfy service of sentence." Id. at p. 3. His pending action initially asserts that the United States Parole Commission (Parole Commission) "through some invented murky personal feelings" has failed to provide him with his right to a mandatory parole date.[3] Id. at p. 1.

Petitioner further challenges the outcome of his February 15, 2012 parole hearing on the grounds that the Hearing Examiner failed to properly consider the impact of Petitioner's Post Traumatic Stress Disorder (PTSD) which stems from his prior military service notably his experiences as a prisoner of war (POW) in Vietnam.[4]

Respondents acknowledge that Petitioner is serving a federal life sentence for kidnaping for the purpose of sexual

---

[2] Petitioner notes that a related twenty (20) year state sentence which he was serving in federal custody expired on February 3, 2002.

[3] McIvor indicates that his mandatory parole date should have been February 17, 2012.

[4] The Petitioner has also filed supplemental arguments which assert that he was subject to impermissible double counting; improper description of a prior state criminal conviction; and that an ex post facto violation occurred during his 1991 parole review.

2

molestation which was imposed by the District of Minnesota on July 22, 1982. An initial parole hearing was conducted in McIvor's case on November 5, 1991. According to the response, Petitioner admitted his guilt at this initial hearing and also provided clarification as to some of the details of his underlying offense. Petitioner was denied parole and a fifteen (15) year reconsideration hearing was ordered. The decision was affirmed with modification following an administrative appeal.

Statutory interim parole reviews were thereafter conducted with the same result in 1993, 1995, 1997, 1999, 2001, 2003, and 2005. Administrative appeals of those decisions were denied. On September 21, 2006, the Parole Commission conducted the fifteen (15) year reconsideration hearing. During this proceeding, McIvor allegedly denied some aspects of the sexual assault related to his conviction and stated that he suffered from PTSD. The Hearing Examiner recommended an upward departure from the guidelines and that Petitioner be ordered to serve until the expiration of his sentence. The decision was affirmed on administrative appeal with McIvor's claim of having PTSD being rejected.

Upon completion of two thirds of Petitioner's sentence (February 17, 2012) a mandatory hearing was conducted by the Parole Commission on February 15, 2012. At the time of this hearing, Petitioner was 71 years old. The Hearing Examiner

recommended denial of mandatory parole noting several factors including that McIvor was on parole from a sentence for sexual assault when he committed his federal offense.

Respondents seek dismissal of McIvor's pending action on the grounds that he failed to exhaust administrative appeals and the Parole Commission acted properly in denying Petitioner mandatory parole. See Doc. 13, p. 6.

## Discussion

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

It is well-settled that "[a] federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all available administrative remedies." Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)(emphasis added). A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the

4

contrary or the available administrative remedies are inherently inadequate. <u>Young v. Quinlan,</u> 960 F.2d 351, 356 (3d Cir. 1992). Exhaustion is only excused where pursuit of administrative remedies would be futile, the agency's actions clearly and unambiguously violate statutory or constitutional rights, or the administrative procedures would be inadequate to prevent irreparable harm. <u>Lyons v. U.S. Marshals,</u> 840 F.2d 202, 205 (3d Cir. 1988).

The Court of Appeals for the Third Circuit has repeatedly recognized that a federal prisoner must exhaust available administrative remedies <u>before</u> seeking habeas corpus relief in federal court. <u>Moscato v. Federal Bureau of Prisons</u>, 98 F.3d 757, 760 (3d Cir. 1996). In a more recent ruling, the Court of Appeals for the Third Circuit affirmed the dismissal of a § 2241 petition that, like Holloway's petition, had been filed before administrative remedies had been exhausted. <u>Ridley v. Smith</u>, 179 Fed. Appx. 109, 111 (3d Cir. 2006). Unless it would be futile to pursue administrative remedies, courts have rejected attempts to obtain judicial relief by prisoners who have disregarded the administrative remedy process. See <u>Ramsey v. United States</u>, No. Civ. 1:CV-05-1476, 2006 WL 1412767 at *1 (M.D. Pa. May 22, 2006)(Caldwell, J.); <u>Porte v. Warden, FCI-Allenwood</u>, No. Civ. 4:CV-04-1534, 2006 WL 47654 at *3-5 (M.D. Pa. Jan. 9, 2006)(Jones, J.).

5

Petitioner readily admits that he "has not attempted to resolve this issue through Administrative remedy System." Doc. 1, p. 2. McIvor adds that "Pursuing administrative remedy in this case would be futile and time consuming." Id.

Based upon Petitioner's own admissions, he initiated this federal habeas corpus action before even attempting to obtain relief via the administrative review process. The exhaustion requirement is not excused lightly. Rodriguez v. Shartle, 2012 WL 5451458 *5 (D.N.J. Nov. 7, 2012). Moreover, since McIvor admits that he previously was able to obtain relief via submission of an administrative appeal, his vague futility argument is not compelling. See id. at p. 5.

"There is no futility exception" to the exhaustion requirement." Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002). The Third Circuit Court of Appeals reiterated its no futility exception by rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected. Hill v. Smith, 186 Fed. Appx. 271, 274 (3d Cir. 2006). The Court of Appeals has also rejected "sensitive' subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust." Pena-Ruiz v. Solorzano, 281 Fed. Appx. 110, 113 (3d Cir. 2008).

Under the circumstances presented here, McIvor's action is subject to dismissal as premature under the standards developed

6

in <u>Moscato</u> and <u>Ridley</u>. See <u>Murray v. Grondolsky</u> 2009 WL 2044821 *2 (D.N.J. 2009)(dismissal of § 2241 action for non-exhaustion of administrative remedies); <u>Morgan v. Borough of Carteret</u>, 2008 WL 4149640 *5 (D.N.J. 2008) (dismissal for non-exhaustion of administrative remedies). To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process while at the same time proceeding with administrative review.

Moreover, even if the exhaustion requirement was deemed satisfied or excused in the present case it is equally clear that Petitioner is not entitled to relief.

McIvor argues that he was improperly refused mandatory parole because the denial was based upon reasons which were known to the sentencing judge at the time of sentencing and because he had a favorable institutional conduct record.

The Parole Commission is not precluded from relying on factors known to the sentencing judge when rendering a decision to deny mandatory parole. See <u>Muhammad v. Mendez,</u> 200 F. Supp.2d 466, 473 (M.D. Pa. 2002) (Parole Commission can use the <u>nature</u> of a prisoner's conviction as a basis for exceeding parole guidelines, even if the conviction was used in his sentence computation).

18 U.S.C. § 4206 provides that mandatory parole may be denied if the Parole Commission determines that the prisoner has

seriously or frequently violated institution rules or that there is a reasonable probability that he will commit any Federal, State, or local crime.

With respect to actions taken by the Parole Commission, the Court of Appeals for the Third Circuit has routinely recognized that a federal court's review of a decision issued by the Parole Commission is limited to an "abuse of discretion" standard. E.g., United States v. Friedland, 83 F.3d 1531, 1542 (3d Cir. 1996); Bridge v. United States Parole Comm'n, 981 F.2d 97, 105 (3d Cir. 1992). A federal district court needs only to consider whether the record provides a rational basis for the Parole Commission's ruling. Gambino v. Morris, 134 F.3d 156, 160 (3d Cir. 1998). It must ensure that the Parole Commission has followed appropriate criteria rational and consistent with its enabling status and that its "decisions are neither arbitrary and capricious nor based on impermissible considerations." Id. (citation omitted).

Furthermore, the Third Circuit has noted that, when the Parole Commission issues any written determinations, it "must reveal _reasoning_ and not simply present conclusions, at least where the reasoning is not apparent from the facts of the case." Marshall v. Lansing, 839 F.2d 933, 943 (3d Cir. 1988) (emphasis in original); see also Greene v. United States Parole Comm'n, 749 F. Supp. 650, 654 (M.D. Pa. 1990). The court in Marshall

added that "Congress has required the Commission to furnish a statement of reasons to the prisoner so that he can receive 'an understandable explanation of his parole status.'" Id. at 942 (citations omitted).

In denying mandatory parole, the Parole Commission issued a written decision dated March 1, 2012 which noted that McIvor had not completed any institutional programs which would suggest that he was less likely to commit another sexual offense if released. See Doc. 13-1, p. 36. It was further noted that Petitioner had committed two (2) prior sex offenses and was on parole for sexual assault when he committed his federal offense (the kidnaping of an eleven (11) year old girl whom he threatened at gunpoint, sexually assaulted with a knife handle, and forced to commit sexual acts).

Given that: (1) Petitioner was on parole from an earlier sexual assault when he committed his federal offense of kidnaping for the purpose of sexual molestation; (2) McIvor's failure to take responsibility for his actions; (3) the brutality of his crime against a minor victim; and (4) his failure to complete sex offender treatment or any other programming; there was a rational basis for the Parole Commission to conclude that there was a reasonable probability for McIvor to commit a new crime if granted parole.

Petitioner's supplemental arguments claims that the Parole

9

Commission indicates that he was subject to impermissible double counting, mischaracterization of his federal offense, and an ex post facto violation during his 1991 parole review.

As indicated earlier, the Parole Commission can use the <u>nature</u> of a prisoner's conviction as a basis for exceeding parole guidelines, even if the conviction was used in his sentence computation pursuant to the guidelines. See <u>Muhammad</u>; <u>Allessi v. Quinlan</u>, 711 F.2d 497, 500 (2d Cir. 1983); <u>Ronning v. United States</u>, 547 F. Supp. 301, 306 (M.D. Pa. 1982). Consequently Petitioner's double counting argument lacks merit.

Second, Petitioner asserts that it was improper for the Parole Commission to describe his federal offense as a conviction for a sex offenses when his conviction was in fact for kidnaping for the purpose of molestation. Moreover, a related argument by Petitioner contends that since he was not convicted of a federal sex offense any discussion of his need for sex offender treatment was improper. Without unnecessary elaboration, it was certainly reasonable for the Parole Commission to characterize a conviction for kidnaping for the purpose of the sexual molestation of a minor as a sex offense.

It also appears that Petitioner is asserting an <u>ex post facto</u> challenge regarding the outcome of his 1991 initial parole review. This argument will be dismissed as untimely.

**Conclusion**

Petitioner's admissions that he failed to seek administrative review of his pending claims prior to initiating this action warrants the entry of dismissal on the basis of non-exhaustion. Second, since there was a well-developed rational basis in the record to support the Parole Commission's decision to deny mandatory parole and because McIvor was provided with a written and understandable explanation as to that determination, there is no basis for federal habeas corpus relief. An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: NOVEMBER 8th, 2013